### AMERICAN·TRUST & SAVINGS BANK OF KANKAKEE v. DURHAM.

(Circuit Court of Appeals, Seventh Circuit.  February 28, 1924.)

No. 3260.

1. **Fraudulent conveyances** ☞47—Transfer by bankrupt of his entire stock in trade held void under Illinois Bulk Sales Act.

Transfer by bankrupt to defendant, a creditor, of his entire individual business and stock in trade as a dealer in secondhand automobiles and junk, *held* void under Illinois Bulk Sales Act, and not saved from such invalidity by the fact that bankrupt did not also assign a claim for insurance in favor of a corporation of which he was practically sole stockholder.

2. **Bankruptcy** ☞185—Trustee may recover property illegally transferred.

A trustee may recover by suit, under Bankruptcy Act, §§ 67e, 70e (Comp. St. §§ 9651, 9654), property transferred by bankrupt within four months before bankruptcy, in violation of state bulk sales law.

Appeal from the District Court of the United States for the Eastern District of Illinois.

Suit in equity by W. M. Durham, trustee in bankruptcy of David I. Bauer, against the American Trust & Savings Bank of Kankakee. Decree for complainant, and defendant appeals. Affirmed.

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Harold F. Lindley, of Danville, Ill., for appellant.
Harry H. Whittemore, of Kankakee, Ill., for appellee.

Before BAKER, EVANS, and PAGE, Circuit Judges.

PAGE, Circuit Judge. The District Court, at the suit of appellee, trustee for bankrupt, held that bankrupt's transfer of property to appellant was void under the Illinois Bulk Sales Act.[1] That holding presents the only question for review.

[1] Practically all the capital stock of an incorporated mercantile business, that owed $14,000 and carried in its own name $23,000 in insurance, was owned by bankrupt, who, on November 21, 1917, burned the store, and the insurance was never collected. The transfer in question was made on the same day, within four months of bankruptcy, by bankrupt to appellant, of the whole of a secondhand automobile and junk business, the only business then owned by bankrupt, who owed individually over $14,000. Appellant immediately sold the business and applied the proceeds upon bankrupt's debt to it for a larger amount.

No attempt was made to comply with the Bulk Sales Act. The claim that the transfer did not violate the Bulk Sales Act, because it did not include the corporation's insurance, is without merit. There were $14,000 in corporation debts to be paid out of the insurance. Bankrupt could neither claim nor get any part of it until those debts were paid, and then only by way of a dividend upon his stock, theretofore transferred to and then held by appellant as collateral security. Whether appellant knew it or not is immaterial, but bankrupt knew at the time of the transfer that the insurance was absolutely worthless, unless payment could be procured by further fraud on his part.

It is urged that the transfer was mere security, and therefore not obnoxious to the Bulk Sales Act. There is no evidence that the business was taken to be held in pledge and subsequently redeemed; but the evidence is that it was transferred absolutely, and was immediately, without protest, sold and the proceeds applied on a larger debt to appellant. Whether a chattel mortgage, as security for deferred payments, with no right of immediate default or early payment, possession by the terms of the mortgage to remain with mortgagor, would be in violation of the Bulk Sales Act, we are not called upon to decide.

[2] By the transfer to appellant, bankrupt disposed of everything of value that he had, except his homestead, worth, over the incumbrance, less than the exemption. He included the leasehold under which the automobile and junk business was carried on. By no stretch of the imagination can it be said that what he disposed of was not the major part of his business, or that he disposed of it "in the ordinary

---

[1] So far as material here, the statute is as follows:

"Section 1. That the sale, transfer, or assignment in bulk of the major part or the whole of a stock of merchandise, or merchandise and fixtures or other goods and chattels of vendor's business, otherwise than in the ordinary course of trade and in the regular and usual prosecution of the vendor's business shall be fraudulent and void as against the creditors of the said vendor. * * *" Laws Ill. 1913, p. 258; Cahill's Ill. Stat. 1921, p. 3035; Smith's Ill. Stat. 1921, p. 1752.

298 F.—20

course of trade and in the regular and usual prosecution of vendor's business." The transfer was clearly obnoxious to the statute, and the property passed to the trustee in bankruptcy, who may maintain this suit. Sections 67e and 70e, Bankruptcy Act (Comp. St. §§ 9651, 9654). See, also, Johnson Co. v. Beloosky, 263 Ill. 363, 105 N. E. 287, Ann. Cas. 1915C, 411; Weskalnies v. Hesterman, 288 Ill. 199, 123 N. E. 314, 4 A. L. R. 128.

Decree is affirmed.